### WILSON v. WALDO et al.

(District Court, W. D. North Carolina. March 13, 1915.)

COURTS ⬡➔344—PROCEDURE—PRACTICE OF STATE COURTS.

    Where a suit was begun in the federal court by summons in accordance with the state practice, which made no distinction between suits in equity and actions at law, and thereafter a bill was filed seeking equitable relief, the court acquired jurisdiction from the issuance of the summons, though in equity practice the suit is begun by the filing of the bill, and the prosecution by the defendants of an action instituted by them in the state court, after the issuance of the summons, but before the filing of the bill, will be enjoined by the federal court.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬡➔344.]

In Equity. Suit by W. L. Wilson against Frank Waldo and another. On motion to enjoin the defendants from prosecuting an action instituted by them in the state court. Injunction granted.

Martin, Rollins & Wright, of Asheville, N. C., for plaintiff.
James H. Merrimon, of Asheville, N. C., for defendants.

BOYD, District Judge. This is a motion to enjoin Frank Waldo and Leonard Waldo, the defendants in the above-named action, from prosecuting a suit which they, as plaintiffs, have brought against the above-named plaintiff, as defendant, in the superior court of Graham county, in this district.

There is no controversy about the facts. On the 28th of August, 1913, Wilson, the present plaintiff, caused a summons to issue from the District Court of the United States at Greensboro, returnable to December term, 1913, at Greensboro. This summons called upon the defendants, Frank Waldo and Leonard Waldo, to appear at the said term and answer the complaint then to be filed; and said summons was served on the 3d of September, 1913. On the 30th of August, two days after the issuing of the summons from the United States court as above stated, Frank Waldo and Leonard Waldo procured a summons to be issued from the superior court of Graham county, returnable to an ensuing term, in which said summons W. L. Wilson, the plaintiff here, was made defendant. This summons was served on Wilson September 3, 1913. It is admitted that the subject-matter of both suits was a tract of land in the county of Graham, and it is also admitted that Frank Waldo and Leonard Waldo are nonresidents of the state of North Carolina, and W. L. Wilson a resident of said state; and it is further admitted that the matter in controversy exceeds $3,000, exclusive of interest and costs. At the December term, 1913, of the United States District Court at Greensboro, upon motion of the attorneys for the plaintiff, Wilson, the case was transferred to Asheville (Graham county being in that division), and thereafter, on motion of plaintiff, the cause was transferred to the equity side of the docket, and the plaintiff filed a bill seeking to remove a cloud from the title of the land in Graham county, which it was alleged existed by reason of certain title or interest which the defendants claimed. The plaintiffs in the state court suit filed their complaint in ejectment, and the defendant, Wilson, answered, setting up the fact that a suit, involving the same subject-matter between the same parties, had been instituted and was pending in the United States District Court, before the institution of the state court suit. A motion to dismiss, on that ground, was refused by the state court. The plaintiffs in the suit in the state court are about to proceed to try the case there, and now comes the motion for restraint as above stated. The defendants here oppose the motion for injunction on the ground that the issuing of a summons in the federal court is the commencement of an action at law, and that the commencement of a suit in equity is by the filing of a bill, and thereupon the issuing of a subpœna in equity, returnable at rule day, and not to a regular term; that therefore the suit pending here was not begun until the bill was filed.

The question presented, therefore, is whether or not the summons, which Wilson caused to issue on the 28th of August, 1913, which was followed by a bill in equity, was the institution of a suit which gave this court original jurisdiction. It is admitted that the subject-matter involved and the parties to both actions are the same. Under the North Carolina Practice Act (Revisal 1905, §§ 346–888) there is but one form

of action, which is by summons. This act followed upon the abolition of the distinction between courts of law and courts of equity, and when parties are brought into court by summons, the plaintiff can file his complaint, alleging a legal cause of action, or an equitable cause of action, or can combine both, as he may elect. The fact that the distinction between the courts of law and of equity has been abolished in North Carolina, and a practice adopted in accordance therewith, and the further fact that the distinction between the two jurisdictions is still preserved in the federal courts, confronts us frequently with some difficulty. It, at least, occasionally occurs that a case removed from the state court to the federal court involves both a legal and an equitable cause of action, and when it comes into the federal court, of course, the case must be divided; or, if a cause is commenced in the state court, which is based upon an equitable cause and is removed to the federal court, although such cause was commenced by a summons, yet, when it reaches the federal court, it is docketed upon the equity side. With these conditions existing, it is easily to be seen how readily the profession in this state can be confused to some extent in commencing actions in the federal court.

Now, the United States statute provides that the federal courts shall adopt as near as may be the practice in use in the states in which such courts are held. Whilst this would not, perhaps, supplant the equity practice which prevails in the federal court, yet I think it is reasonable to conclude that although a case was instituted by summons, instead of the filing of a bill and the issuing of a subpœna, when the parties and subject-matter are brought within the jurisdiction of the court, it is then within the power of the court to retain the cause upon the law or transfer it to the equity docket, as may be necessary in order to fully administer the rights of the parties with reference to the subject-matter of the action.

The Congress of the United States recently passed an act, which was ratified on the 3d of March, this year, in which provision is made for the transfer of causes in the federal courts from the law to the equity docket and vice versa. If this act had been in force at the time of the commencement of the case we have under consideration, the question we have would seem to be settled. This law, however, was subsequent; but, even in that view, it provides only a method of procedure, and does not affect any vested or substantial right of the parties.

The discussion of the point in this case has been full, and counsel for both sides have presented briefs citing many authorities. The question finally resolves itself, it seems to me, into whether the court here has jurisdiction of the parties and of the subject-matter in the action, by virtue of the summons issued August 28, 1913; it being admitted that the parties are the same in both suits, and the land concerning which the controversy exists the same. Undoubtedly the federal court has full power to administer all rights and interests connected with the controversy, whether they be legal, or equitable, or both. The Supreme Court of the United States, in case of Eyster v. Gaff et al., 91

U. S. 521, page 524 (23 L. Ed. 403), says, Mr. Justice Miller delivering the opinion:

"The court in the case before us had acquired jurisdiction of the parties and of the subject-matter of the suit. It was competent to administer full justice, and was proceeding, according to the law which governs such a suit, to do so."

Considering the entire case, I am of the opinion that the United States District Court first took jurisdiction of the parties and of the subject-matter of this action, and that the defendants here, who afterwards commenced a suit in the state court, should not be permitted to proceed. The injunction as prayed for by the plaintiff will issue, and an order may be drawn in accordance therewith.